UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY AARON ALLEN,

          Petitioner,

                                                        Case Number 15-11797
v.                                                     Honorable David M. Lawson

MITCH PERRY,

          Respondent.
_____/

## **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jeremy Aaron Allen was accused of abusing and assaulting his teenage stepdaughter from December 1, 2009, to May 31, 2011, and assaulting, robbing, and imprisoning his stepdaughter's boyfriend in the family's garage on March 6, 2010. The State charged the petitioner with multiple crimes, some of which carried a maximum sentence of life imprisonment. Allen, however, negotiated an agreement through his trial attorney to plead no contest to third-degree criminal sexual conduct and second-degree child abuse in the case involving his stepdaughter, and felonious assault and unlawful imprisonment in the case involving his stepdaughter's boyfriend. The plea bargain called for a minimum sentence of eight years for the counts charging the petitioner with third-degree criminal sexual conduct and unlawful imprisonment, but before and after he was sentenced, Allen attempted to withdraw his guilty plea. The state courts denied relief, and Allen then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he should have been permitted to withdraw his no-contest plea, his trial attorney was ineffective, and other errors occurred before he pleaded no contest. The warden filed a response to the petition, arguing that Allen did not exhaust state remedies for six of his eight claims and his two exhausted claims lacked merit.

Allen waived review of several of his claims when he pleaded no contest. The claims that properly are presented for review do not warrant relief because the state courts' decisions did not contravene or unreasonably apply federal law as determined by the United States Supreme Court. Therefore, the Court will deny the petition for a writ of habeas corpus.

I.

After Allen was arrested, his two cases found their way to the Monroe County, Michigan circuit court. In case number 11-39283, Allen was charged with one count of armed robbery, one count of unlawful imprisonment, two counts of assault with a dangerous weapon (felonious assault), and one count of domestic violence. The victim was the boyfriend of Allen's stepdaughter. He was called to Allen's residence on March 6, 2010 and then ambushed by Allen in the family's garage. Allen confronted the victim about having sex with his stepdaughter. Allen pointed a gun at the victim and, at one point, placed a chainsaw within a foot of the victim's face as the victim was lying on the garage floor. The petitioner started the engine of the chainsaw, but eventually set aside the saw. However, he apparently took money and documents from the victim and kept him confined in the garage for about four hours.

In case number 11-39285, Allen was charged with two counts of first-degree criminal sexual conduct, two counts of third-degree criminal sexual conduct, one count of felonious assault, one count of domestic violence, and one count of second-degree child abuse. The victim was Allen's stepdaughter who was approximately fifteen years old when the crimes occurred. The police reports indicate that, on more than one occasion between December 1, 2009 and May 31, 2011, Allen confronted his stepdaughter with her bad grades and then required her to go in their basement, take off her clothing, perform fellatio on him, and have sexual intercourse with him.

On occasion, Allen also beat his stepdaughter with a two-by-four board when she did not perform well in school.

On May 18, 2012, Allen pleaded no contest to one count of unlawful imprisonment and one count of felonious assault in the case involving the male victim. In the other case, he pleaded no contest to two counts of third-degree criminal sexual conduct and one count of second-degree child abuse. The plea and sentencing agreement called for the dismissal of all the other charges and a minimum sentence of eight years in prison on the counts that had a maximum penalty of fifteen years.

Allen subsequently filed a *pro se* motion to withdraw his plea. The trial court considered the motion at the sentence hearing and denied it on grounds that the court had complied with the court rules, the plea was knowingly and voluntarily made, and there was no just reason to allow withdrawal of the plea. The court then sentenced the petitioner to eight to fifteen years in prison for unlawful imprisonment and third-degree criminal sexual conduct and 23 months to four years for assault and child abuse. The trial court dismissed the other charges and ordered all the sentences to run concurrently.

Allen filed a second motion to withdraw his no-contest plea after his sentencing, but the trial court denied the motion because the petitioner had not cited any additional basis warranting withdrawal of his plea. In a delayed application for leave to appeal, Allen argued through counsel that the trial court erred by denying his motions to withdraw his plea and that he was denied the effective assistance of counsel. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *See People v. Allen*, No. 318476 (Mich. Ct. App. Jan. 8, 2014).

The petitioner raised the same two claims and a few new issues in an application for leave to appeal in the Michigan Supreme Court. On May 27, 2014, the supreme court denied leave to appeal because it was not persuaded to review the issues. *See People v. Allen*, 495 Mich. 1008; 846 N.W.2d 576 (2014).

Allen filed a timely habeas corpus petition. In his supporting brief, he raises the following arguments:

> I. He was denied his right to bail and thereafter subjected to excessive bail.
>
> II. He was wrongfully convicted on the basis of the victims' hearsay statements.
>
> III. The prosecution made libelous allegations about him and deprived him of a speedy trial.
>
> IV. His trial attorney disparaged him and deprived him of effective assistance by failing to assert a good defense.
>
> V. His stepdaughter falsely accused him at the preliminary examination and in her statements to the police.
>
> VI The male victim in the assault case lied at the preliminary examination and in his statements to the police.

Allen also incorporates by reference the arguments that he made in his state-court briefs on direct appeal, where he maintained that the trial court erred by denying his motions to withdraw his no-contest plea and that his trial attorney was ineffective.

The warden argues in an answer to the petition that Allen did not exhaust state remedies for his first six claims by presenting those claims to the Michigan Court of Appeals on direct appeal. The warden contends that the state court's disposition of the remaining claims was reasonable. Allen replies that his first six claims are exhausted, that his plea was forced on him,

and that the Michigan Court of Appeals unreasonably rejected his ineffective-assistance-of-counsel claim.

II.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (C); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Allen has not presented his first six claims to the state courts. Therefore, he has not exhausted his state court remedies for those claims. Generally, a federal district court should dismiss a "mixed" petition for a writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. Although the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987); *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or

if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity, *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987). A habeas petition may also be denied on the merits, despite the petitioner's failure to exhaust state court remedies. 28 U.S.C. § 2254(b)(2). The Court believes that it is more efficient to address the merits of the claims at this stage of the proceedings. *See Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).

III.

Certain provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). A federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

"Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, (2011). The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (quotation marks omitted)). The AEDPA imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

A.

Five of Allen's first six claims address issues that arose before he entered his no-contest plea. Those arguments are that: (1) Allen was denied his right to bail and thereafter subjected to excessive bail; (2) he was wrongfully convicted on the basis of the victims' hearsay statements; (3) the prosecutor made libelous allegations about him and deprived him of a speedy trial; (5) his stepdaughter falsely accused him; and (6) the assault victim lied at the petitioner's preliminary examination and in his statements to the police.

Allen cannot be heard to complain about those issues here. It is well established that a valid guilty or *nolo contendere* plea in a criminal proceeding generally forecloses claims arising from the alleged deprivation of constitutional rights occurring before the entry of the plea. *See United States v. Broce,* 488 U.S. 563, 569 (1989); *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open

> court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett,* 411 U.S. at 267. Arguments I, II, III, V, and VI all are non-jurisdictional claims that arose before Allen's no-contest plea. He was represented by counsel at the plea proceeding, and the record indicates that his plea was voluntary, and his trial attorney's advice was reasonable. Therefore, Allen waived his right to bring these arguments here. *See United States v. Ormsby,* 252 F.3d 844, 848 (6th Cir. 2001); *McBroom v. Warren*, 542 F. Supp. 2d 730, 736 (E.D. Mich. 2008).

B.

Allen also contends that the trial court erred by denying his *pro se* motions to withdraw his no-contest plea. In his state court brief, Allen maintained that he should have been permitted to withdraw his no-contest plea because he was not guilty, he entered his plea under duress, and he was not informed that the sentencing agreement exceeded the sentencing guidelines. The Michigan Court of Appeals rejected this claim on direct appeal in a one-sentence order, stating that leave to appeal was denied for lack of merit in the grounds presented to the court.

Even though the state appellate courts did not give full consideration to Allen's federal claims on appeal, AEDPA's highly deferential standard for reviewing a habeas petitioner's constitutional claims applies here. Allen must show that "the state court decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law' or involved an 'unreasonable determination of the facts.'" *Kelly v. Lazaroff*, 846 F.3d 819, 831 (6th Cir. 2017) (quoting 28 U.S.C. § 2254(d)). That standard applies "even when a state court does not explain the reasoning behind its denial of relief." *Carter v. Mitchell*, 829 F.3d 455, 468 (6th Cir. 2016).

"Under [*Harrington v. Richter*, 562 U.S. 86 (2011)], '[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on its merits in the absence of any indication or state-law procedural principles to the contrary.'" *Barton v. Warden, S. Ohio Corr. Facility*, 786 F.3d 450, 460 (6th Cir. 2015) (quoting *Harrington*, 562 U.S. at 99). There is nothing in this record that suggests a basis for rebutting that presumption. *See Johnson v. Williams*, 568 U.S. 289, 133 S. Ct. 1088, 1097 (2013).

The Supreme Court has said that, if a guilty plea is not voluntary and knowing, it violates due process and is void. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). But there is no absolute right to withdraw a guilty or no-contest plea. *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012); *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005). Unless the plea violated a clearly-established constitutional right, the decision whether to allow a defendant to withdraw a plea is discretionary with the state trial court. *Shanks*, 387 F. Supp. 2d at 748.

In this case, Allen's trial attorney stated that he did not think there was a good basis under the court rule for withdrawing the plea and it was not in the petitioner's best interest to do so. *See* Mot. Hr'g and Sentencing Tr. at 3, ECF 12-10, Page.ID.700. The trial court subsequently pointed out that Allen had at least two months in which to discuss his options with his attorneys, his trial was adjourned one time because he requested new counsel, the facts and issues were known to everyone for months and perhaps as much as a year, and Allen's current attorney was his fourth attorney. The court concluded that Allen's *pro se* motion to withdraw the plea was a delaying tactic. *Id.* at 4-7, Page.ID.701-04. These were valid reasons for denying Allen's motion.

Nevertheless, a guilty or no-contest plea involves a waiver of several constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Therefore, it must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Courts must consider all the relevant circumstances, *id.* at 749, including whether the defendant appreciated the consequences of his waiver of constitutional rights, whether he waived his rights without being coerced to do so, and whether he understood the rights that he was surrendering by pleading guilty. *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009). A court must also consider whether the defendant was aware of the maximum sentence for his crimes and whether he understood the essential elements of the offenses to which he was pleading. *Id.* at 408-09.

Allen was advised of the charges against him, the maximum sentences for his crimes, and the terms of the plea and sentencing agreement. He signed a written plea agreement, and he orally assured the trial court on the record that he understood the plea bargain, the charges, and the possible penalties. He also stated that he understood the rights that he was waiving by pleading no contest and that no one had promised him anything (other than what was set forth in the plea bargain) or threatened him to make him plead no contest. He stated that the final choice was his and that he had been given enough time to talk with his attorney. *See* Plea Tr. at 4-18 (May 18, 2012), ECF 12-9, Page.ID.675-89.

Allen nevertheless argues that his plea was coerced by his attorneys' advice that he would receive life imprisonment if he went to trial on all the charges. He also contends that he is not guilty and that he was not informed that the minimum eight-year sentence he agreed to exceeded the sentencing guidelines by one month. At the plea proceeding, however, the petitioner stated

that he wanted to plead no contest, that he was satisfied with his attorney, and that he understood the penalties for his crimes. His "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Furthermore, the evidence against him was substantial, and he has not made "a truly persuasive demonstration of actual innocence." *Herrera v. Collins*, 506 U.S. 390, 417 (1993).

Allen's plea was a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. Furthermore, because this case came before the Court on habeas review, the Court must defer to the state court's decision about the validity of the plea. *Fitzpatrick v. Robinson*, 723 F.3d 624, 639 (6th Cir. 2013). Habeas relief is not warranted on the petitioner's claim that he should have been permitted to withdraw his no-contest plea.

C.

In his fourth and eighth claims, Allen alleges that his trial attorney was ineffective. He says that in state court, he pleaded no contest under duress because his attorney told him that he would get life imprisonment if he went to trial on all the charges. He also contended that he could have discredited the complainants' testimony if he had gone to trial.

A violation of the Sixth Amendment right to effective assistance of counsel is established when an attorney's performance was deficient, and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Premo v. Moore*, 562 U.S. 115, 120 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The petitioner must show "that counsel made errors

so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688) (quotation marks omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

The *Strickland* framework applies to claims of ineffective assistance of counsel arising from a guilty or *nolo contendere* plea. *Hill v. Lockhart,* 474 U.S. 52, 58 (1985); *Carter v. Collins,* 918 F.2d 1198, 1200 (5th Cir. 1990). The first prong of the test remains the same. *Hill,* 474 U.S. at 58. However, the prejudice requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. In other words, the defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded [*nolo contendere*] and would have insisted on going to trial." *Ibid.*; *Carter,* 918 F.2d at 1200; *see also Smith v. United States,* 348 F.3d 545, 551-52 (6th Cir.2003).

Success on ineffective-assistance-of-counsel claims is relatively rare, because the standard for obtaining habeas corpus relief "is 'difficult to meet.'" *Woodall*, 134 S.Ct. at 1702 (quoting *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013) (quoting *Richter*, 562 U.S. at 102)). The standard is "all the more difficult" on habeas corpus review because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (citations and quotation marks omitted). "[T]he question is not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Ibid.*

The most serious charges lodged against Allen were first-degree criminal sexual conduct and armed robbery, both of which carry a maximum sentence of life imprisonment or any term of years. *See* Mich. Comp. Laws §§ 750.520b(2)(a) and 750.529. Had he gone to trial, he would have had to defend against substantial evidence supporting these charges in addition to the less serious charges. The record indicates that there were witnesses to the assault on the male victim and that the female victim's mother witnessed one incident of Allen's first-degree criminal sexual conduct with her daughter. *See* Pet. for Writ of Habeas Corpus, ECF 1, Page.ID.46.

Additionally, Allen admitted to law enforcement officials that he engaged in sex acts with his stepdaughter and that he once hit her with a two-by-four board. *See* Page.ID.45-46. Although he claimed that the sexual contact was the result of giving in to his stepdaughter's persistent sexual advances, the victim's mother informed the police that, on one occasion, she observed Allen put his penis in her daughter's mouth. Her daughter appeared to be disgusted by Allen's conduct, and she looked like she was going to vomit. *Id.*, Page.ID.46. The mother claimed that she did not report the incident to the police because she was afraid of Allen and his bad temper. *Ibid.*

Defense counsel could have concluded from the facts stated in the police reports that Allen did not have a viable defense to the charges and that a jury would be sympathetic to the victims. A competent attorney also could have concluded that it was in Allen's best interest to plead no contest to some of the less serious charges, with a minimum sentence of eight years, because eight years was considerably less than the sentencing guidelines of approximately 135 months for first-degree criminal sexual conduct. *See* Mot. Hr'g and Sentence Tr. at 13, 33, ECF 12-10, Page.ID.710, 730.

The maximum sentences for the lesser charges (four years for felonious assault and second-degree child abuse, and fifteen years for unlawful imprisonment and third-degree criminal sexual conduct) also were considerably lower than the maximum penalty of life imprisonment for the more serious charges of armed robbery and first-degree criminal sexual conduct. The trial court, in fact, stated that "[t]he plea bargain greatly reduce[d] incarceration exposure" and that Allen "really deserve[d] a much larger sentence." *Id.* at 37, Page.ID.734.

Defense counsel's advice to plead no contest was eminently reasonable. His performance did not fall below an objective standard of reasonableness. Nor did the allegedly deficient performance prejudice Allen because his defense — that he was innocent and that the victims were not credible — in all likelihood would not have succeeded at trial. The state appellate courts' rejection of Allen's claim for lack of merit was objectively reasonable, and he has no right to relief on the basis of his ineffective-assistance-of-counsel claim.

### III.

Allen's no-contest pleas in state court waived most of the alleged defects in the proceedings he attempts to advance here. Of the non-waived claims, the state courts' decisions in this case

were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: January 31, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on January 31, 2019.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI

---